# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| EVELYN MICHELLE HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 7:21-cv-01366-MHH-SGC |
| ) | |
| CHAD GARRETT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on January 31, 2023, in which she recommended that the Court dismiss Ms. Hernandez's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 11).  The magistrate judge advised Ms. Hernandez of her right to file written objections to the report within 14 days; the Court has not received objections.  Ms. Hernandez also did not respond to the defendant's motion for summary judgment.  (Docs. 10, 11).

In her petition, Ms. Hernandez asks the Court to compel the Bureau of Prisons to give her "two-for-one (2-for-1) days credit due to HARDSHIP" that she suffered during pretrial detention when she was beaten twice and during the BOP's nationwide Covid-19 lockdown. (Doc. 1, p. 1).  The Court agrees with the magistrate judge's citation to *Cook v. Hanberry*, 596 F.2d 658 (5th Cir. 1979), a decision that is binding in this district court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207

(11th Cir. 1981) ("[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit."). Pursuant to *Cook*, even if Ms. Hernandez could establish that she suffered cruel and unusual punishment either in pretrial detention or in BOP custody during the pandemic lockdown, Ms. Hernandez's "appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing [her] cruel and unusual punishment." *Cook*, 596 F.2d at 660. In this habeas proceeding, Ms. Hernandez may not obtain BOP credit to hasten her release from prison as a remedy for her alleged hardship. *Cook*, 596 F.2d at 660.[1]

Therefore, by separate order, the Court will deny Ms. Hernandez's request for relief and dismiss this habeas action.

**DONE** and **ORDERED** this February 23, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] The BOP advised Ms. Hernandez that "a motion to modify a federal sentence must be filed in the federal district court that sentenced the inmate." (Doc. 1, p. 13). This Court did not sentence Ms. Hernandez; Ms. Hernandez was sentenced in the United States District Court for the Southern District of Mississippi. (Doc. 9-1, p. 3).